Arlease SALLEY, Plaintiff,

v.

**BOARD OF GOVERNORS, UNIVERSITY OF NORTH CAROLINA, CHAPEL HILL, NORTH CAROLINA, et al., Defendants.**

**No. C–89–438–WS.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

April 22, 1991.

**418**

Lee D. Andrews, Greenboro, N.C., for plaintiff.

Thomas J. Ziko, Asst. Atty. Gen., Raleigh, N.C., for defendants.

## ORDER

RUSSELL A. ELIASON, United States Magistrate Judge.

This matter comes before the Court on plaintiff's motion to compel discovery and to determine the sufficiency of defendants' objections to that discovery. It presents an issue of first impression, to wit: whether a telephonic facsimile transmission satisfies the requirements of Fed.R.Civ.P. 5(b) for the service of discovery requests.

On July 4, 1990, plaintiff served defendants with Requests for Admissions and a Supplemental Request for Production of Documents. Plaintiff served these documents using a telephonic facsimile transmission (hereinafter referred to as "fax"). The discovery requests were made more than thirty days prior to the end of discovery. On August 3, 1990, defendants objected to the Requests for Admissions on the grounds that they were not served in accordance with Fed.R.Civ. 5(b). Because discovery expired on August 17, 1990, plaintiff could not re-serve the discovery in sufficient time to allow defendants to respond to the admission requests prior to the end of discovery as required by L.R. 205(d).

Plaintiff claims that the fax transmission of documents meets the service requirements of Rule 5(b). Should the Court rule against it on this issue, plaintiff then states that it would be unfair not to make defendants respond to the discovery because defendants have responded to other discovery served by fax transmission and, indeed, responded to the document requests which accompanied the Requests for Admissions.

Defendants rest their case primarily on a literal and strict construction of Rule 5(b). Second, defendants state that plaintiff's counsel was not unfairly surprised by their objection. Defendants relate that plaintiff's counsel had previously been negligent in meeting his obligations and in basic courtesy to be accorded opposing counsel. As a result, defendants' counsel, prior to the service of the disputed discovery requests, warned plaintiff's counsel that they were now going by the rules and would "dot every 'i' and cross every 't'."

### Discussion

Rule 5(b) provides that service should be made upon the attorney if a party is represented by one. Service is to be accomplished by "delivering a copy to the attorney ... or by mailing it to the attorney ... at the attorney's ... last known address or, if no address is known, by leaving it with the clerk of court."

The rule specifically defines delivery to mean:

handing [the document] to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, *if there is no one in charge, leaving it in a conspicuous place therein;* or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. (Emphasis added.)

Finally, when service is made by mail, the service is complete upon mailing.

Plaintiff argues that the Court should construe Rule 5(b) to encompass fax transmissions as constituting a proper form of service. Telephonic facsimile transmissions are a process of electronically sending an exact copy of an image, through telecommunications, between copying machines. There is no need for an operator to be continuously on duty at the place of reception.

Plaintiff first argues that fax transmissions constitute a form of mailing and are, thus, covered by Rule 5(b). She contends that they are a form of electronic mail.[1] Plaintiff contends that in this electronic age, the Court should accept electronic mail as being the same as mail delivered by the United States Postal Service. Alternatively, plaintiff argues that fax transmissions are tantamount to personal delivery as defined by Rule 5(b). Plaintiff points out that delivery under Rule 5(b) is not limited to handing a copy of the document to the attorney or his clerk, but may also be accomplished by "leaving it in a conspicuous place" if there is no one in charge of the office. Plaintiff argues that a fax machine constitutes a conspicuous place in the office which an attorney is required to check periodically by virtue of the implications arising from the attorney having such a machine to receive documents.

Defendants strenuously urge that the Court not accept fax transmissions as meeting the service requirements of Rule 5(b). They argue that this type of decision should be left for resolution by the Advisory Committee on Rules. Defendants point out that fax transmissions are not 100% error free. Counsel relates anecdotal stories where not all pages of a transmission were received, either because of operator error, machine error, or telephone line transmission problems.

Plaintiff counters with an argument that fax transmissions are such an important part of everyday life in the practice of law, that this Court should recognize and approve fax transmissions as coming within Rule 5(b)'s definition of service. She points out that mail sometimes may be lost or not received and the problems with fax transmissions are no greater than that encountered by mailing items through the United States Postal Service. Finally, plaintiff contends that holding fax transmissions to be encompassed by Rule 5(b) will further the goal of "just, speedy, and inexpensive determination[s]" as required by Fed.R.Civ.P. 1.

While service by fax transmission may be the wave of the future, the decision, as to whether it should constitute one of Rule 5(b)'s service options, is best left to the Advisory Committee on the Rules. The Court finds several problems with plaintiff's request that the Court accept fax transmissions as constituting proper service. First, the Court must determine whether a fax transmission constitutes a form of mail or a form of delivery. This is important because service by mail is complete upon the mailing. In addition, if a fax transmission is considered to be a species of mail, then Fed.R.Civ.P. 6(e) would provide a party with three additional days to respond to the discovery request or other obligation. Yet, this three day extension would seem to be unnecessary because fax transmissions are immediately delivered, whereas mailed documents take additional time to be received.

A fax transmission may not be deemed service by mail. Because of the above noted special provisions which apply to service by mail, the courts require strict and exacting compliance with Rule 5(b) for service by mail. *Rivera v. M/T Fossarina,* 840 F.2d 152, 155 (1st Cir.1988); *Timmons v. United States,* 194 F.2d 357, 360 (4th Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952); *see also* 4A Wright & Miller, *Federal Practice and Procedure* § 1148 at 433 (1987) (placing letter in law office mail box instead of U.S. Postal Drop Box should not be deemed compliance with

---

**1.** The term "electronic mail" or "E" mail is used in conjunction with messages sent by one party to another party through telecommunications between computers or terminals such as a computer service message board or box accessed by a computer and modem. It is not the same as fax transmissions.

Rule 5(b)). This Court is not in a position to determine whether Postal Service delivery of mail is more or less reliable than fax transmissions or electronic mail. It is sufficient to note that there is no indication that the drafters of Rule 5(b) contemplated service by mail to be other than by the United States Postal Service, much less that fax transmissions or electronic mail were considered. The Court sees no basis to stretch the definition of mail in Rule 5(b) to include fax transmissions.

In addition, because of the special rules which apply to service by mail, the Court finds it inappropriate to attempt to decide this matter through case law decision. Rather, that matter would be more appropriately handled by the Advisory Committee on Rules which could determine whether fax transmissions constitute mail or a form of personal delivery; whether service should be deemed complete upon the transmission, even when the office is closed; and whether the additional three day period for mailed documents should be applicable to fax transmissions.

The Court also determines that fax transmissions do not constitute a form of personal delivery under Rule 5(b).[2] The fax transmission of documents is similar to, but not the same as, personal delivery. While plaintiff argues that fax transmissions are no different than leaving a document in a conspicuous place in the attorney's office, the argument reaches too far.

When a document is personally delivered, a person can verify and certify that an intact and complete copy was left in the attorney's office. With a fax transmission, the person sending the document can only certify that he or she attempted to, and apparently did, transmit the document electronically over telephone lines to the other office. That person cannot certify that the copy was in fact received in that office. Also, since fax machines can operate 24 hours a day and during holidays when the lawyer's office is closed, this presents a problem of determining the time of service. Fed.R.Civ.P. 5(b) provides that if the office is closed, the service must be at the person's house or usual place of abode. Therefore, should faxed documents be deemed served from the time of transmission? Or, if they are transmitted outside of regular office hours, should service only be deemed to have occurred when the office is next opened? For these reasons and unresolved questions, the Court finds that fax transmissions are not a form of delivery as that term is used in Rule 5(b). Therefore, the Court determines that fax transmissions do not constitute either service by delivery or service by mail as those terms are used in Rule 5(b).

Because the discovery requests were not properly served and discovery has ended, defendants have no duty to respond to the discovery unless plaintiff can show exceptional good cause. The Court finds such circumstances do exist in this case. First, defendants had actual notice and receipt of a copy of the discovery requests within the time which they would be required to respond if the discovery had been properly served. However, actual notice by a means other than that authorized by Rule 5(b) does not constitute valid service and is not an exception to the rule. *Cumberland Federal Sav. & Ln. v. Rangel,* 1988 WL 116838 (N.D.Ill.1988). Therefore, a party must advance some other compelling circumstance, in addition to actual notice in order to have the Court excuse noncompliance with Rule 5(b). Plaintiff does this by showing defendants had permitted

---

2. Plaintiff presents some cogent arguments in favor of allowing fax transmissions to constitute service under Fed.R.Civ.P. 5(b). The procedure saves time over both mail and personal delivery service and is more convenient because it can be accomplished without leaving the office. The Court of Appeals for the Fourth Circuit permits filings to be accomplished by fax transmissions. I.O.P. 25.2, U.S. Court of Appeals for the Fourth Circuit. The only limitation is that fax filings may not be directly sent to the Clerk except in emergency situations when advance permission has been obtained. *Id.*

The decision today that the new technology of fax transmissions does not constitute service under Rule 5(b) is not a criticism of the technology. Rather, it is recognition that this and related new technology would be better integrated into the civil rules through the collegial process of a rules committee, which can obtain and consider a broader range of suggestions and opinions.

plaintiff to serve her discovery requests through fax transmissions on prior occasions without objection. While defendants informed plaintiff at one time near the end of discovery that they would now be strictly observing the rules, defendants did not specifically tell plaintiff that fax transmission of discovery requests would no longer be accepted. Indeed, defendants even responded to one part of the July 4, 1990 discovery requests sent by fax transmission. It is, therefore, fair to find that defendants continued to agree to service by fax transmission of the Requests for Admissions.

The Court finds defendants waived their right to insist on compliance with Fed.R. Civ.P. 5(b) where they received actual notice by delivery of a copy of the discovery through fax transmission and where defendants, through their prior conduct, implicitly agreed to service through fax transmission. They are, therefore, estopped from insisting on strict compliance with Rule 5(b). The Court further finds that defendants failed to withdraw their implicit consent to service by fax transmission prior to the time plaintiff faxed her discovery requests. Therefore, defendants will be required to forthwith respond to plaintiff's Requests for Admissions. For the reasons stated at the hearing, the Court declines to assess costs and expenses against either party.

IT IS THEREFORE ORDERED that plaintiff's motion to compel defendants to respond to plaintiff's First Requests for Admissions be, and the same hereby is, granted and defendants shall respond forthwith. Each side shall bear their own costs.