Kevin R. RYAN, Plaintiff–Appellant,

v.

FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 98–9321.

United States Court of Appeals, Second Circuit.

Argued May 7, 1999.

Decided May 14, 1999.

Kevin D. Moloney, Moloney & Anker, Valhalla, NY, for Plaintiff–Appellant.

Louis M. Lagalante, Gallagher, Harnett & Lagalante LLP, New York, N.Y. (Lane & Mittendorf LLP, New York, NY, of counsel), for Defendant–Appellee.

Before: OAKES, CABRANES, and SACK, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

We write principally to consider whether "notice of the entry of judgment," for purposes of Fed. R.App. P. 4(a)(6), is limited to notice mailed pursuant to Fed.R.Civ.P. 77(d), or instead whether it may include a party's in-hand receipt from the Clerk of the judgment, together with documentary proof that it has been entered. This issue arises on Kevin R. Ryan's appeal from an order of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*), denying his motion to reopen the time in which to file a notice of appeal, pursuant to Fed. R.App. P. 4(a)(6). We conclude that denial of Ryan's motion was required under the circumstances presented, and we therefore affirm.

## I.

Plaintiff filed this action in New York Supreme Court in October 1995, asserting a claim against the First Unum Life Insurance Co. ("First Unum"), pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, for allegedly refusing to pay disability benefits under an insurance policy issued by the defendant to plaintiff's employer.[1] First Unum removed the action to the district court and thereafter filed a motion for summary judgment. For reasons not relevant to the instant appeal, the district court granted that motion, by order dated May 6, 1998, and directed the Clerk to enter judgment dismissing the complaint.

On May 11, 1998, judgment was entered on the docket. Although the docket sheet indicates that "copies and notice of right to appeal" were mailed, Ryan's attorney's address was not listed on the docket at that time, and Ryan's counsel avers that he never received such notice by mail. Instead, an investigator affiliated with that law firm ventured to the Clerk's office on June 29, 1998, and was orally informed that judgment had been entered in early May. The following day—50 days after the entry of judgment—counsel obtained from the Clerk's office a copy of the judgment, which included the notation, "THIS DOCUMENT WAS ENTERED ON THE DOCKET ON 5/11/98."

On July 30, 1998—that is, 80 days after judgment had entered and 30 days after Ryan's counsel had obtained a copy of the judgment—Ryan moved to reopen the time to file a notice of appeal, pursuant to Fed. R.App. P. 4(a)(6). By order dated September 3, 1998, the district court denied Ryan's motion as untimely. The district court stated that while Ryan "never received notice of entry of Judgment by mail from the clerk, by June 30, 1998 plaintiff's counsel had obtained . . . on his own initiative" a copy of the judgment, together with documentary proof of its entry. Ryan brought this appeal from that order.

## II.

The period in which a party may file a notice of appeal runs from "the date of entry of the judgment . . . appealed from." Fed. R.App. P. 4(a)(1). In a case such as the instant one—a civil case to which neither the United States nor an officer or agency thereof is a party—a would-be appellant must file its notice of appeal within 30 days of such entry of judgment. *See id.* As noted above, however, Ryan did not receive the written notice that is usually mailed by the Clerk, and sometimes also

1. Plaintiff's complaint named a number of other defendants, as well; however, the parties entered into a stipulation dismissing all claims—some with prejudice, some without— against all defendants other than First Unum. That stipulation also provides that the caption should be revised to omit all defendants other than First Unum.

mailed by another party. *See* Fed. R.Civ.P. 77(d).[2] Under such circumstances, the would-be appellant may be able to file a motion to reopen the time in which to file a notice of appeal, pursuant to Fed. R.App. P. 4(a)(6). That Rule provides, in pertinent part, as follows:

> The district court may reopen the time to file an appeal ..., but only if *all* the following conditions are satisfied:
>
> (A) the motion is filed within 180 days after the judgment or order is entered *or within 7 days after the moving party receives notice of the entry, whichever is earlier;*
>
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but *did not receive the notice from the district court or any party within 21 days after entry;* and
>
> (C) the court finds that no party would be prejudiced.

Fed. R.App. P. 4(a)(6) (emphasis added).

■ Ryan's motion to reopen was filed within 180 days of the judgment's entry.

Accordingly, the issue before us is whether it was also filed within seven days of his receipt (if any) of proper notice. If his attorney's June 30, 1998 in-hand receipt of a copy of the judgment from the Clerk's office—marked to indicate the date of entry—qualifies as "notice of the entry" under Rule 4(a)(6), then his motion 30 days later was obviously untimely.

■ Ryan argues on appeal that he did not receive effective notice on June 30, 1998 because Rule 4(a)(6) contemplates only notice that is formally served on a party by means of Fed.R.Civ.P. 77(d). The latter Rule, which is quoted in full at note 2, *supra,* directs the Clerk, immediately after entry of judgment, to "serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear." Fed.R.Civ.P. 77(d).[3] While Rule 5 of the Federal Rules of Civil Procedure [4]—referenced by Rule 77(d)—permits service by either in-hand delivery or mail to the party's attorney, *see* Fed.R.Civ.P. 5(b), Ryan

---

2. Rule 77(d) provides as follows:

   Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

3. In addition, the Rule permits parties to serve upon one another "a notice of such entry in the manner provided in Rule 5 for the service of papers." Fed.R.Civ.P. 77(d). The Advisory Committee has encouraged "[w]inning parties ... to send their own notice in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party." Advisory Committee Note to Fed. R.App. P. 4(a)(6). First Unum does not claim to have served notice of the entry of judgment on Ryan.

4. Rule 5 provides, in pertinent part, as follows:

   > Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing. Fed.R.Civ.P. 5(b).

notes that Rule 77(d) specifies that notice of the entry of judgment will be "serv[ed] . . . by mail."

Although Ryan does not argue that the document received by his attorney on June 30, 1998 failed to include any *information* that would be required for proper notice under Rule 77(d), he relies on two departures from the practice envisaged by Rule 77(d): namely, that the document was received from the Clerk in-hand, rather than by mail, and that notice was obtained through counsel's efforts, rather than those of the Clerk or the opposing party. We find neither argument persuasive.

The seven-day period under Rule 4(a)(6) runs from the time that "the moving party *receives notice* of the entry" of judgment, and does not specify that such notice must have been mailed. While Rule 77(d) directs the Clerk (and the parties, if they so choose) to serve notice by mail, Rule 4(a)(6) does not cross-reference Rule 77(d). Moreover, we do not see any interest that would be furthered by limiting "notice" under Rule 4(a)(6) to that received by mail.

Nor are we persuaded that notice was ineffective simply because it was received as a result of Ryan's attorney's efforts. While Rule 4(a)(6) contemplates "receiv[ing] the notice from the district court or any party," it does not suggest that such notice may not be sent at the prompting of a would-be appellant. The Rule provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant's ignorance of the entry. *See* Fed. R.App. P. 4(a)(6). If such inquiries are answered—either by the Clerk or by opposing counsel—with appropriate notice of entry, it is immaterial whether the would-be appellant's own effort was a "but-for" cause of such notice being transmitted.

 We do not mean to suggest, of course, that actual knowledge that judgment has entered—without more—suffices to begin the running of the seven-day period under Rule 4(a)(6). As we have previously held, the party or his attorney must receive *written* notice that judgment has been entered. *See Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir.1994). In addition, where the would-be appellant is represented by counsel, notice will only be effective when served upon the attorney. *See id.* But where, as here, a party's attorney receives from the Clerk in-hand, written notice indicating that judgment has entered, a motion to reopen the appeal period must be filed within the subsequent seven days. Ryan did not file his motion within that seven-day period and, accordingly, the district court correctly held that his motion was untimely.

### III.

For the foregoing reasons, we affirm the order of the district court, which denied plaintiff's motion to reopen the time in which to file a notice of appeal.