DENNIS, Circuit Judge,
dissenting:
The issue in this case is whether the facsimile (“fax”) transmission of a copy of the court’s judgment to the fax number of Wilkens’s counsel by the clerk’s office at the behest of a staff attorney constitutes receipt of notice of the entry of judgment by Wilkens as required by Federal Rule of Appellate Procedure 4(a)(6)(A). Because I believe that receipt by fax transmission fails to suffice as receipt of “notice of the entry” of judgment under Rule 4(a)(6)(A), I respectfully dissent.
Since Rule 4(a)(6)(A) requires that an appellant file a motion to reopen the time to file an appeal within 180 days after the judgment or “within 7 days after the moving party receives notice of the entry,” we must look to Federal Rule of Civil Procedure 77(d) as it provides the rule that directs the clerk to serve the notice. Rule 77(d) states:
Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 6 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.
Fed.R.Civ.P. 77(d). Rule 5(b) provides, “Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney’s or party’s last known address or, if no address is known, by leaving it with the clerk of the court.” Fed.R.Civ.P. 5(b)(in pertinent part).
The Advisory Committee Notes to these two rules compel the conclusion that Rule 4(a)(6) contemplates receipt of notice only as authorized by Rules 77(d) and 5(b). Rule 4(a)(6)(A) “provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.” Fed.RApp.P. 4 advisory committee notes (1991 Amendment). “This provision ... enables any winning party to shorten the 180-day period by sending (and establishing proof of receipt of) its own notice of entry of a judgment, as authorized by Fed.R.Civ.P. 77(d).” Fed.RApp.P. 4(a)(6) advisory committee notes (1991 Amendment) (emphasis added). In 1991, Rule 77 was also amended as “a companion to the concurrent amendment to Rule 4 of the Federal Rules of Appellate Procedure.” Fed. R.Civ.P. 77 advisory committee notes (1991 Amendment). The amendment maintained the provision that the clerk shall serve notice of the entry of the judgment, but also invited the prevailing party to serve notice in order to ensure “certainty that the time for appeal is running.” Id. Most important, the Advisory Committee Notes state, “An appropriate procedure for such notice is provided in Rule 5.” Id.
Moreover, in Bass v. United States Dep’t of Agric., 211 F.3d 959 (5th Cir.2000), this court necessarily relied on an in pari materia reading of Rule 4(a)(6) and Rule 77(d).[1] To quote,
*337 First, Appellate Rule 4(a)(6) and Civil Rule 77(d) must be read in pari materia. Rule 77(d) requires the clerk to serve the notice of entry of an order or judgment “by mail.” Because a mailed notice is necessarily a written notice, it is logical to conclude that when reference-is made later in Rule 77(d) to “lack of notice of the entry,” not relieving a party “from failure to appeal within the time allowed except as permitted in Rule 4(a),” Fed.R.Civ.P. 77(d)(emphasis added), that reference contemplates lack of written notice.
Thus, we must look to Rules 77(d) and 5(b) in order to determine what constitutes receipt of notice under Rule 4(a)(6)(A). The only alternative method of service contemplated by Rule 77(d) is expressly limited to service of the notice by a party who may do so “in the manner provided in Rule 5 for the service of papers.” Fed. R.Civ.P. 77(d). Rule 5 requires service by mail or by one of the enumerated methods of delivery. Thus, the two rules in pari materia provide that either the clerk must serve notice of the entry of judgment by mail, or a party must serve such notice either by mail or by delivery as prescribed by Rule 5(b). See 16A Wright, MilleR, & CoopeR, Federal Practice And Proceduee: Jurisdiction 3D § 3950.6 (3d ed. 1999) (“A winning party who desires certainty that the appeal time is running and who cannot know whether the other side has received notice from the clerk can themselves serve notice of the entry.”).
In the instant matter, Wilkens’s attorney was not served notice of the entry of judgment in any manner authorized by either Rule 77(d) or Rule 5(b). Because the clerk attempted service by fax rather than by mail and the opposing attorney did not even try to serve notice, I believe that valid service of notice of entry of judgment was not made.
Under Rule 5, a party may serve notice of entry of judgment only by mail or by delivery. Delivery means: “handing it to the attorney or to the party; or leaving it at the attorney’s or party’s office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.” Fed. R.Civ.P. 5(b). Electronic transmission of a fax of the notice to an attorney’s fax number does not constitute “delivery” under that definition. The fax obviously was not “handled] ... to the attorney,” nor was it left “at the attorney’s or party’s office with a clerk or other party in charge” because there was no hand delivery. Also, delivery was not accomplished by the third method, “leaving it in a conspicuous place.”
What is most telling about Rule 5(b) is not what it says, but what it does not: nowhere in Rule 5(b) is there mention of fax or any other electronic transmissions. However, in section (e), Rule 5 was specifically amended to include filing by fax. Fed.R.Civ.P. 5(e) (“A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes.”). The Advisory Committee Notes for the 1991 amendment state: “The revision also accommodates the development of the use of facsimile transmission for filing.” The Notes for the 1996 amendment likewise authorize filing by fax or other electronic means. The Committee expressed concern about developing standards: “Judicial Conference adoption of technical standards should prove superior to specification in these rules,” and “standards must be established *338 to assure proper maintenance and integrity of the record and to provide appropriate access and retrieval mechanisms.” Notably, section (b), however, has never been amended to include electronic transmissions.
The well-reasoned opinion of Salley v. Board of Governors, Univ. of North Carolina, Chapel Hill, 136 F.R.D. 417, 420 (M.D.N.C.1991), succinctly rejected the plaintiffs arguments that a fax constituted personal delivery under Rule 5(b) or else, delivery by “leaving it in a conspicuous place.” Recognizing that including fax as a method of delivery specified in Rule 5(b) is better left to “the collegial process of a rules committee,” the court then set out an excellent explanation of why faxes should not qualify as a method of delivery under Rule 5(b).
When a document is personally delivered, a person can verify and certify that an intact and complete copy was left in the attorney’s office. With a fax transmission, the person sending the document can only certify that he or she attempted to, and apparently did, transmit the document electronically over telephone lines to the other office. That person cannot certify that the copy was in fact received in that office. Also, since fax machines can operate 24 hours a day and during holidays when the lawyer’s office is closed, this presents a problem of determining the time of service .... Therefore, should faxed documents be deemed served from the time of transmission? Or, if they are transmitted outside of regular office hours, should service only be deemed to have occurred when the office is next opened? For these reasons and unresolved questions, the Court finds that fax transmission are not a form of delivery as that term is used in Rule 5(b).
136 F.R.D. at 420.
The Salley decision is in accord with numerous other cases holding that fax is an insufficient form of delivery under Rule 5(b). See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1429 (9th Cir.1996) (“Service by fax does not satisfy Fed.R.Civ.P. 5(b)”). See also United States v. Galiczynski, 44 F.Supp.2d 707, 713 (E.D.Pa.1999) (“The result reached here, that the Federal Rules of Civil Procedure do not authorize service by fax, is consistent with the unanimous decisions rendered by courts that have considered the issue.” (citing, inter alia, Switzer v. Sullivan, No. 95 C 3793, 1996 WL 52911, *1 (N.D.Ill. Feb. 5, 1996); Mushroom Assocs. v. Monterey Mushrooms, Inc., No. C-91-1092 BAC, 1992 WL 442898, *4 (N.D.Cal. Aug. 21, 1992))); Erbacci, Cerone, & Moriarty, Ltd. v. United States, 166 F.R.D. 298, 303 (S.D.N.Y. 1996) (attempting to serve motion to reconsider by facsimile violated Rule 5(b)).
Cases cited by the majority do not support the contention that Rule 4(a)(6) is not read in conjunction with Rule 77(d). Nunley v. City of Los Angeles, 52 F.3d at 794, did seem to embrace the concept of actual notice triggering the 7-day time period of Rule 4(a)(6), in dicta; however, the court’s actual holding was simply that the presumption of receipt established by mailing is rebuttable and could be overcome by evidence of non-receipt at a contradictory hearing on remand. The First Circuit in Scott-Harris v. City of Fall River, 134 F.3d 427, 434-35 (1st Cir.1997), rev’d on other grounds, 520 U.S. 1263, 117 S.Ct. 2430, 138 L.Ed.2d 192 (1997), held that a demand letter written by opposing counsel sufficed to trigger Rule 4(a)(6); however, presumably this letter was mailed and qualified as service under Rule 5(b) as contemplated by Rule 77(d). Finally, in Ryan v. First Unum Life Ins. Co., 174 F.3d 302, 305 (2nd Cir.1999), the Second Circuit rejected Ryan’s contention that “notice of the entry” in Rule 4(a)(6) contemplates only notice by mail. Although Ryan’s rationale is problematic, its result is consistent with a reading of Rules 4(a)(6), 5(b), and 77(d) that authorize service upon a party’s attorney by delivery as well as by mail. Ryan’s attorney received the copy of the judgment marked to indi *339 cate the date of entry in-hand from the clerk of court rather than by mail. Id. at 305. The Second Circuit rejected Ryan’s argument that such notice must have been mailed and must have been sent at the prompting of the clerk or the adverse party. Id. Thus, Ryan is readily distinguishable from the present case, as a personal delivery to a party’s attorney is markedly different from a fax transmission to an attorney’s fax phone number.
Additionally, although it is not relevant to my analysis of this case, I disagree with the majority’s characterization of the facts of this case. The majority repeatedly emphasizes that Wilkens’s counsel received “in-hand” the faxed copy of the judgment on the day of its transmission. However, as I read the record, there is no conclusive evidence of such same-day, in-hand receipt. Wilkens’s counsel avers in his affidavit only that “Toya McEwen of the District Clerk’s office sent me a fax containing the Court’s Memorandum Order, and Final Judgment.”
Accordingly, I conclude that (1) Wilkens did not receive notice of the entry of judgment as required by Federal Rules of Civil Procedure 77(d) and 5(b) so as to trigger Rule 4(a)(6)(A)’s 7-day period; (2) Wilk-ens’s motion for leave to file late notice of appeal (construed as a motion to reopen the time to file an appeal) was timely under Rule 4(a)(6)(A)’s 180-day period; (3) Wilkens’s notice of appeal was timely filed within the 14-day window under Rule 4(a)(6); and, (4) we have appellate jurisdiction of this appeal.

. Other courts have also read Appellate Rule 4(a)(6) and Civil Procedure Rule 77(d) together. See, e.g., Nunley v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir.1995) ("[Rule 4(a)(6)] *337 is lo be read in conjunction with Fed.R.Civ.P. 77(d)."); Benevento v. United States, No. 96 CIV. 7311 JSR, 2000 WL 890381, *1 (S.D.N.Y. July 5, 2000) (finding that receipt by a party's attorney of an order mailed by the clerk "necessarily constitutes such notice to the party” as contemplated by Rule 4(a)(6)).