Ferdinand C. SCAGLIONE, Jr.,
Plaintiff–Appellant,

v.

MAMARONECK UNION FREE
SCHOOL DISTRICT,
Defendant–Appellee.

No. 06–2847–cv.

United States Court of Appeals,
Second Circuit.

Feb. 9, 2007.

Ferdinand C. Scaglione, Jr., pro se, Yonkers, NY, for Appellant.

Mark C. Rushfield, Shaw & Perelson, LLP, Highland, NY, for Appellees.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, LEONARD B. SAND,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Francis C. Scaglione ("Scaglione") appeals from the October 31, 2005, judgment of the United States District Court for the Southern District of New York (Brieant, J.), dismissing the action without prejudice to filing suit in state court, and from another order dated December 16, 2005, dismissing Scaglione's motion for relief under Federal Rule of

* The Honorable Leonard B. Sand, United States District Court for the Southern District

Civil Procedure 60(b). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ Scaglione filed his notice of appeal from the judgment on December 28, 2005. Because this notice was not filed within thirty days, it was untimely. *See* Fed. R.App. P. 4(a)(1). Filing deadlines are mandatory. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). Even if this court construes Scaglione's pro se filings liberally as a request for an extension of the filing deadlines, this court is forbidden from doing so. *See* Fed. R.App. P. 26(b)(1); *see also Matarese v. LeFevre*, 801 F.2d 98, 105 (2d Cir.1986) (court of appeals "has no power whatever to extend the deadline for filing the notice of appeal").

■ Scaglione's notice of appeal is timely with respect to the District Court's decision on his motion for relief from judgment. We find no abuse of discretion in the District Court's conclusion that Scaglione's Rule 60(b) motion did not make the necessary showing of "extraordinary circumstances or extreme hardship that warrant relief from judgment." Fed. R.Civ.P. 60(b)(6). However, construing Scaglione's notice of appeal liberally—as we must, *see Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54–55 (2d Cir.2004), it raises the issue of whether the District Court should have construed his Rule 60(b) motion as a request to allow an oth-

of New York, sitting by designation.

118

erwise untimely appeal from judgment. See Fed. R.App. P. 4(a)(6). Since Scaglione asserts that he did not receive service of the judgment while notice of appeal would have been timely, which if true may constitute excusable neglect, see *Ryan v. First Unum Life Ins. Co.*, 174 F.3d 302 (2d Cir.1999) this is a rational construction of his argument. Because it is not clear whether the district court considered Scaglione's Rule 60(b) as a request to permit a late notice of appeal, we remand to the District Court so that it may rule explicitly on this request.

Accordingly, for the reasons set forth above, the appeal from the judgment is **DISMISSED** without prejudice and the decision of the District Court on the motion to vacate the judgment is hereby **AFFIRMED IN PART** and **REMANDED** for further proceedings consistent with this order.