SUMMARY ORDER

Plaintiff-Appellant David Mora, pro se, appeals from an order of the United States District Court for the Eastern District of New York (Sifton, /.), denying his request to re-open the time to file an appeal. Mora seeks to appeal from an earlier judgment which dismissed his complaint alleging a notice defect concerning the forfeiture of property. We assume the parties’ familiarity with the facts, the procedural history, and the issues on appeal.
Appellant does not challenge the district court’s denial of his motion to reopen the time to file a notice of appeal. Thus, he has waived the issue. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995) (holding that when a pro se litigant raises an issue before the district court but does not pursue it on appeal, it is abandoned). In any event, the district court did not err in denying the motion to reopen.
Under Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when the order to reopen is entered, but only if: (1) the motion to re-open is filed within 180 days after the judgment or order is entered or within seven days after the moving party received notice of the entry, whichever is earlier; (2) the moving party was entitled to notice of the entry of judgment, but did not receive such notice within 21 days of the entry; and (3) no party would be prejudiced. Fed. R.App. P. 4(a)(6); Ryan v. First Unum Life Ins. Co., 174 F.3d 302, 304-05 (2d Cir.1999). This rule “provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant’s ignorance of the entry.” Ryan, 174 F.3d at 305.
When a district court clearly evidences its intent that an opinion and order serve as the final decision in a case, an appeal is proper even absent entry of judgment. Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-88, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); Joseph v. Leavitt, 465 F.3d 87, 89-90 (2d Cir.2006). If a separate judgment is not entered, it is deemed to have been *20 entered 150 days after entry of the disposi-tive order, and the time to appeal would then start to run. Fed.R.Civ.P. 58(c)(2)(B); Fed. R.App. P. 4(a)(7)(A)(ii). The district court’s November 2005 order, which made a final determination as to whether Appellant received notice and dismissed his complaint, indicated an intent to dispose of the case in a final manner. See Bankers Trust, 435 U.S. at 387, 98 S.Ct. 1117. Thus, judgment was deemed to have been entered on April 10, 2006 (150 days after the November 2005 order was entered).
Rule 4(a)(6) requires the party to file a motion to reopen the time for an appeal within the earlier of: (1) 180 days after the entry of judgment; or (2) seven days of actual receipt of notice. The 180-day time period from the date on which judgment was deemed entered ended on October 10, 2006, and Appellant had until then to file his motion to reopen. The February 2007 motion was therefore untimely.
To the extent Appellant attempts to appeal the underlying November 2005 order and subsequent judgment, the appeal is without merit. The notice of appeal lists only the district court’s June 2007 order (which denied his motion to reopen the time to- appeal from the November 2005 order). While pro se notices of appeal should be liberally construed, Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir.1997), Federal Rules of Appellate Procedure 3 and 4 are jurisdictional and the failure to identify an order in a notice of appeal deprives us of jurisdiction to review that order, The New Phone Co. v. City of N.Y., 498 F.3d 127, 130 (2d Cir.2007). We therefore lack jurisdiction to review the November 2005 order or subsequent judgment.
In any event, however, an appeal from either the underlying order or the judgment would be untimely. As discussed above, judgment pursuant to the November 2005 order was deemed entered in April 2006, so the July 2007 notice of appeal was untimely as to both. Appellant contends that the July 2007 judgment issued by the district court pursuant to the earlier November 2005 order renders his appeal timely because the July 2007 judgment did not change Appellant’s substantial rights; it was, for all intents and purposes, a “re-entry” of the judgment that was deemed entered in April 2006. But where “two judgments are identical with respect to all questions of substantive rights,” the second judgment does “not start a new period of time for the filing of appeals.” Cody, Inc. v. Town of Woodbury, 179 F.3d 52, 55 (2d Cir.1999); see also In re American Safety Indem. Co., 502 F.3d 70, 72 (2d Cir.2007) (the time to file an appeal ran from the first judgment rather than a corrected judgment). Having failed to file a timely notice of appeal from the November 2005 order, Appellant may not now breathe “[n]ew jurisdictional life ... into an appeal whose filing time has already expired....” U.S. ex. rel. McAllan v. City of N.Y., 248 F.3d 48, 52 (2d Cir.2001).
We have reviewed Appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the order of the district court is AFFIRMED.