**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-60366

J.C. BASS; CHARLENE B. BASS,

Plaintiffs-Appellants,

VERSUS

UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.,

Defendants.

UNITED STATES DEPARTMENT OF AGRICULTURE; DANIEL GLICKMAN, Secretary of the U.S. Department of Agriculture; NATIONAL APPEALS DIVISION, formerly known as National Appeals Staff of the U.S. Department of Agriculture; FARM SERVICE AGENCY, formerly known as Farmers Home Administration of the U.S. Department of Agriculture; KEITH KELLY, Administrator of the Farm Service Agency of the U.S. Department of Agriculture; NORMAN G. COOPER, Director of the National Appeals Division of the U.S. Department of Agriculture,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Mississippi

May 23, 2000

Before WIENER, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

Appellants, J.C. and Charlene Bass (collectively "Bass"),

1

appeal a summary judgment for the defendants in this Administrative Procedures Act suit challenging the Farm Service Agency's ("FSA") appraisal of farm property.  We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves a dispute over the way in which the FSA established the repurchase price for farm land that Bass conveyed to the FSA when he became unable to repay FSA-financed loans.[1]  The property at issue consists of 531 acres located in Amite County, Mississippi.  Bass farmed the land beginning in 1966.  In 1977, Bass financed the land through the FSA.  Because of financial reverses in 1990, Bass entered into an agreement to deed the farm to FSA in exchange for forgiveness of the debt.  The parties agreed that FSA would lease the farm back to Bass with an option to repurchase, pursuant to the FSA's "leaseback/buyback" program, authorized by the Consolidated Farm and Rural Development Act ("CONACT"), 7 U.S.C. § 1921-2009 (1994).

In 1996, Bass notified FSA that he intended to exercise the repurchase option.  A dispute arose concerning the value of the farm.  After extensive administrative proceedings, Bass sought judicial review of the valuation ruling by the Director of the USDA's National Appeals Division ("Director").  The district court

---

[1]The FSA was formerly known as the Farmers Home Administration (FmHA), an agency of the U.S. Department of Agriculture (USDA). For simplicity, the agency is referred to as FSA throughout this opinion.

entered summary judgment for defendants and this appeal followed.

## II. TIMELINESS OF MOTION TO REOPEN APPEAL PERIOD

The district court entered judgment on November 10, 1998. On November 19, Bass retained new counsel who moved for reconsideration. On November 20, Bass's new counsel filed a notice of appearance, giving as his address "300 West Claiborne, Avenue, Greenwood, Mississippi." Defendants opposed the motion for reconsideration and on December 28, 1998, Bass's counsel moved for an enlargement of time to file a rebuttal to defendants' opposition. The district court granted this motion, but the clerk mailed a copy of the order to Bass's counsel at "P.O. Box 1350, Greenwood, Mississippi." The order was returned to the clerk's office "not deliverable as addressed."

On January 20, 1999, the district court entered an order denying Bass's motion for reconsideration. The docket sheet indicates that copies of the order were mailed, and there is no "undeliverable" notation in the docket with respect to service of the order on Bass's counsel. On May 27, 1999, Bass's counsel filed a notice of appeal. Counsel also filed an affidavit averring that on the morning of May 26, 1999, he received a telephone call from Mr. Bass advising him that the court had entered an order denying the motion for reconsideration. Counsel contacted the district court clerk's office on May 26, and was advised by the docketing clerk that the order had been entered on January 20, 1999, and a

3

copy mailed to him at "P.O. Box 1350."  Counsel averred that he had not received the order, had not used that address since 1997, and that he had provided the clerk with his correct address.

On June 3, 1999, counsel for Bass filed a motion to reopen the time for appeal, pursuant to FED. R. APP. P. 4(a)(6).  The motion was accompanied by counsel's affidavit, in which he stated that he received a copy of the order denying reconsideration in the mail on May 28, 1999.  On June 22, 1999, counsel for Bass filed a second notice of appeal.

Federal Rule of Appellate Procedure 4(a)(1)(B) requires that the notice of appeal in a civil action in which the United States is a party be filed within 60 days of entry of the judgment or order from which appeal is taken.  A timely motion to alter or amend a judgment under FED. R. CIV. P. 59(e) suspends the time for filing a notice of appeal until entry of an order disposing of the motion.  FED. R. APP. R. 4(a)(4).

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure.  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal.  *See id.*  Because Bass's motion was filed on November 19, within ten days of the November 10 judgment, we construe it as a Rule 59(e) motion, which suspended

the time for filing an appeal from the underlying judgment. *See id; see also Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986). Bass's notice of appeal was therefore due sixty days from the date the court entered its order denying the motion for reconsideration, or sixty days from January 20, 1999. Bass's notice of appeal, filed May 27, 1999, was therefore untimely.

We must next determine whether the district court abused its discretion in granting Bass's motion to extend the period for filing his notice of appeal. *See United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995). Under Rule(4)(a)(6), a district court may reopen the time to file an appeal for 14 days after the order to reopen is entered, if "the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier," the moving party did not receive notice of the entry of judgment sought to be appealed within 21 days after entry, and no party would be prejudiced. Bass's motion was filed within 180 days after entry of the January 20, 1999 order. However, because the time to reopen runs from the earlier of the two dates, the issue becomes whether Bass's motion to reopen the appeal period was filed within 7 days after Bass's counsel "received notice" of entry of the order denying his motion for reconsideration.

In order to determine whether the motion was timely it is

necessary to determine whether counsel received notice on May 26, when he learned of the order over the telephone and orally confirmed entry with the district court clerk, or whether he is deemed to have received notice on May 28, when he received a written copy of the order in the mail. The appellate computation-of-time rules provide that "in computing any period of time specified in these rules . . . [e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days . . . ." FED. R. APP. P. 26(a). If the seven-day filing period was triggered on May 26, then in accordance with Rules 4(a)(6) and 26(a) the motion was due to be filed June 2, and the motion filed on June 3 was untimely. If the seven-day period was triggered on May 28 when Bass's counsel received a written copy of the order, the motion was timely.

This circuit has not expressly held whether "receives notice" under Rule 4(a)(6) means acquiring knowledge of facts through oral communication which would lead a prudent person to make inquiry or the receipt of written notice. Some circuits have expressly held that the seven-day period is triggered only by receipt of written notice. *See, e.g.*, *Scott-Harris v. City of Fall River*, 134 F.3d 427, 433 (1st Cir. 1997), *rev'd on other grounds, Bogan v. Scott Harris*, 523 U.S. 44 (1998)*; Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1215 (D.C. Cir. 1996); *Avolio v. County of Suffock*, 29 F.3d 50, 53 (2d Cir. 1994). On the other hand, the Eighth and Ninth

6

Circuits speak in terms of "actual notice," without expressly taking a position on whether oral notice is enough. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 794 (9th Cir. 1995)(actual notice consisted of attorney reviewing a docket sheet in the clerk's office); *see also Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357 (8th Cir. 1994).

We are convinced that "the better perception is that the rule requires written notice." 16A WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION 3D § 3950.6 (West 1999). Both the rule itself and policy concerns support this conclusion.

First, Appellate Rule 4(a)(6) and Civil Rule 77(d)[2] must be read *in pari materia*. *See Scott-Harris*, 134 F.3d at 433. Rule 77(d) requires the clerk to serve the notice of entry of an order or judgment "by mail." Because a mailed notice is necessarily a written notice, it is logical to conclude that when reference is made later in Rule 77(d) to "lack of notice of the entry," not relieving a party "from failure to appeal within the time allowed

---

[2] Federal Rule of Civil Procedure 77(d) provides:
Notice of Orders or Judgements.
Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

7

*except as permitted in Rule 4(a),"* FED. R. CIV. P. 77(d)(emphasis added), that reference contemplates lack of written notice. *See Scott-Harris*, 134 F.3d at 433. Second, the Advisory Committee's Notes tell us that Rule 4(a)(6)

> provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to [Rule 77(d)], is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.

FED. R. APP. P. 4(a)(6) Advisory Committee's Notes. The statement "required to be mailed" refers to "notice of entry of a judgment or order," again suggesting that the notice must be in writing. *See Scott-Harris*, 134 F.3d at 434. When a procedural rule uses the precise phrase employed by the Advisory Committee, it can reasonably be inferred that the phrase means the same thing in both contexts. *See id.* Finally, policy concerns support reading Rule 4(a)(6) as requiring written notice. Written notice is more readily susceptible to proof than are oral communications, taking an element of guesswork out of the equation. *See id.* Also, because Rule 77(d) provides that parties who do not wish to rely upon the clerk to transmit the requisite written notice may do so themselves, the scheme "confers certitude without leaving a victorious litigant at the mercy of a slipshod clerk." *Id.*

Bass's motion to extend the time for filing a notice of appeal, filed within seven days of the date he received written notice of the court's order, was timely. There appearing on this

8

record no other impediment to the district court's exercise of discretion, we hold that the district court did not err in granting the motion.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Bass argues that 7 C.F.R. 1955.107(c), rather than 7 C.F.R. § 1922.201, governs how the purchase price for his farm should be determined. "As a general rule, in considering a petition for review from a final agency order, the courts will not consider questions of law which were neither presented to nor passed on by the agency." *Myron v. Martin*, 670 F.2d 49, 51 (5th Cir. 1982). Although Bass argues that he "inartfully" alluded to this argument in a letter to the agency, he did not subsequently challenge the agency's conclusion that the Part 1922 regulations applied in determining the farm's value. In fact, the argument raised by Bass before the district court and in his appeal is at odds with the position that Bass took during the administrative proceedings. We therefore conclude that the district court did not err in determining that Bass failed to preserve this issue for judicial review because it was not presented to the agency. *See id.* at 51.

### IV. APPLICATION OF 7 C.F.R. § 1951.909(I)(3)

The district court held that the Director's citation to 7 C.F.R. § 1951.909(I)(3) governing the method for determining the repurchase price of the farm was erroneous, but because the error went only to the weight the Director accorded Bass's evidence, it

9

did not render the decision arbitrary, capricious, or an abuse of discretion.

The regulation at issue provides that "[b]orrowers appealing the current market appraisal may obtain an appraisal by an independent appraiser selected from a list of at least three names provided by the servicing official." 7 C.F.R. § 1951.909(I)(3)(I). This language does not mandate that Bass produce an independent appraisal in order to challenge the FSA appraisal. *See id.* Bass was required to show only that the FSA's determination of value was erroneous "by a preponderance of the evidence." 7 U.S.C. § 6997(c)(4). FSA properly applied this standard in rejecting Bass's appeal. The record does not support Bass's allegation that the Director totally disregarded Bass's appraisal. Although the Director accorded Bass's appraisal little weight, the Director's determination adequately articulates a relationship between the facts found and its decision to accept the FSA's appraisal over the opinion submitted by Bass's appraiser. We therefore conclude that the district court's summary judgment for defendants must be affirmed.

## IV. CONCLUSION

Based on the foregoing, we hold that we have jurisdiction to consider the merits of this appeal and that the district court's summary judgment for defendants is affirmed.

AFFIRMED.

10