**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-30913
Summary Calendar
_____

CURTIS L. WRIGHT,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(No. 99-CV-2178)
_____
April 26, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Curtis L. Wright appeals the denial of his application for disability insurance benefits and supplemental security income. Because Wright did not file a motion to reopen the time for filing his appeal within seven days of receiving

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notice of the district court's judgment, we lack appellate jurisdiction and dismiss his appeal.

## I.

The district court entered its judgment against Wright on April 19, 2001. Wright filed a notice of appeal on June 19, 2001, which we dismissed as untimely. On July 19, 2001, Wright submitted to the district court a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Wright claimed that he did not receive a copy of the district court's judgment and did not learn of its entry until June 19, 2001, when he logged onto PACER to check the status of his case.[1] The district court granted Wright's motion, and he filed his second notice of appeal on July 26, 2001.

## II.

Federal Rule of Appellate Procedure 4(a)(6) allows a district court to reopen the time to file an appeal if, among other requirements, "the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier." FED. R. APP. P. 4(a)(6)(A). Wright first learned of the entry of judgment when he reviewed the docket sheet on PACER on June 19, 2001. The government contends that Wright violated the seven-day deadline

---

[1] PACER, or the Public Access to Court Electronic Records System, is used by many federal courts to offer public access to docket information over the internet.

imposed by Rule 4(a)(6) because he filed his motion to reopen a month after noticing the entry of judgment on the court's docket. Wright submits that the seven-day period is inapplicable because viewing an electronic docket entry does not constitute notice under the rule. We agree with the government and find that Wright's July 19 motion is untimely.

In Wilkens v. Johnson, 238 F.3d 328, 332 (5th Cir. 2001), we held that Rule 4(a)(6) does not "ascribe any particular qualities or formalities to the words 'receive' or 'notice'" and that "[a]ny written notice of entry received by the potential appellant or his counsel (or conceivably by some other person), regardless of how or by whom sent, is sufficient to open subpart (A)'s seven-day window." Specifically, we found that an electronically transmitted facsimile triggered the seven-day deadline for filing a motion to reopen. Wilkens also favorably cites the Ninth Circuit's decision in Nunley v. City of Los Angeles, 52 F.3d 792, 794 (9th Cir. 1995), which held that Rule 4(a)(6)'s seven-day period began to run when the appellant's attorney spotted the entry of judgment in the court's docket records, despite the lack of formal service or of a hard copy of the notice.

We are unable to discern any distinguishing differences among the notices in Wilkens, Nunley and the instant case. We approved of the electronically transmitted facsimile notice in Wilkens and of the notice given by the docket sheet in Nunley. Likewise, we find that an electronic docket on PACER provides written, reliable

3

notice.  Since Wright failed to file his motion to reopen within seven days of viewing the entry of judgment on PACER, we are without jurisdiction to hear his appeal.  Accordingly, the appeal is DISMISSED.