IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10388
_____

LOY CARTER, Etc.; ET AL,

             Plaintiffs

LOY CARTER, on behalf of themselves and all others similarly
situated; GEOFF BURKHART, on behalf of themselves and all
others similarly situated; HEATHER DAWN YOUNG, on behalf of
themselves and all others similarly situated; DEBORAH
ROBINSON, on behalf of themselves and all others similarly
situated

             Plaintiffs - Appellants

     v.

COUNTRYWIDE CREDIT INDUSTRIES, INC; COUNTRYWIDE HOME LOANS
INC; FULL SPECTRUM LENDING INC

             Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1182-M
--------------------
January 10, 2003

BEFORE King, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     In this Fair Labor Standards Act action, the plaintiffs-
appellants appeal from the district court's March 6, 2002, order,
which granted the defendants' motion to compel arbitration
pursuant to the Federal Arbitration Act ("FAA"). The March 6
order also encouraged plaintiffs' counsel to file an amended

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint substituting Lisa Barnett as named plaintiff. Barnett was the only one of more than two dozen opt-in plaintiffs who had not signed an arbitration agreement with the defendants. Plaintiffs' counsel filed an amended complaint on behalf of Barnett, and Barnett's case is pending in district court.

A threshold question implicit in every case that comes before this court is whether the court has appellate jurisdiction. Wilkens v. Johnson, 238 F.3d 328, 329-30 (5th Cir.), cert. denied, 533 U.S. 956 (2001). The FAA provides that "[a]n appeal may be taken from--. . . (3) a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). "That section preserves immediate appeal of any 'final decision with respect to arbitration,' regardless of whether the decision is favorable or hostile to arbitration." American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 707 (5th Cir. 2002) (citing § 16(a)(3)) (internal quotation marks omitted). "The FAA does not, however, expressly define the term 'final decision.'" Id.

In Green Tree Financial Corp.-Ala. v. Randolph, 531 U.S. 79, 86-88 (2000), the Supreme Court held that an order granting a motion to compel arbitration and dismissing an action is a "final decision" within the traditional understanding of the term, when that decision left "no part of [the case] pending before the court" and left the district "court with nothing to do but execute the judgment." The Court emphasized that the term "final decision" should be accorded "its well-established meaning." Id. at 86.

"Where . . . an action involves multiple parties, a disposition of the action as to only some of the parties does not result in a final appealable order absent a certification by the district court under Federal Rule of Civil Procedure 54(b)." Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin., Inc., 226 F.3d 376, 381 (5th Cir. 2000). "When 'the record clearly indicates that the district court failed to adjudicate the rights and liabilities of all parties, the order is not, and cannot be presumed to be final, irrespective of the district court's intent.'" Gibbs v. Grimmette, 254 F.3d 545, 550 (5th Cir. 2001) (citation omitted), cert. denied, 122 S. Ct. 1083 (2002). In the action at hand, the case remains pending as to plaintiff Barnett. Accordingly, this court lacks jurisdiction over the appeal, and the appeal is DISMISSED.