United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11104
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DERRICK MCNAIRY, also known as Little D,
also known as Little Derrick,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-355-P
USDC No. 3:99-CR-364-ALL-P
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

     Derrick McNairy, federal inmate #33456-077, seeks a

certificate of appealability ("COA") to appeal the denial of his

28 U.S.C. § 2255 motion.  McNairy was convicted following entry

of his guilty plea to a charge of possession with intent to

distribute and distribution of cocaine base.  He was sentenced to

180 months' imprisonment and five years' supervised release.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We must, if necessary, examine the basis of our jurisdiction on our own motion.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  "The time limitation for filing a notice of appeal is jurisdictional and lack of a timely notice mandates dismissal of an appeal."  Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985).  McNairy's notice of appeal was due within sixty days of the entry of the judgment or order appealed.  FED. R. APP. P. 4(a)(1)(B).

By judgment entered June 11, 2001, the district court denied McNairy's 28 U.S.C. § 2255 motion on the merits.  McNairy filed a pro se notice of appeal bearing a handwritten date of September 23, 2002.  McNairy stated that he did not receive a copy of the judgment that denied his 28 U.S.C. § 2255 motion and that he received notice, via a docket sheet entry, of the denial of his motion no earlier than August 26, 2002.  He argues that he was transferred to another institution on June 13, 2001, did not receive the judgment, and has shown excusable neglect warranting a re-opening of the appeal period.

Because McNairy's notice of appeal was prepared no earlier than September 23, 2002, it could not have been deposited in the prison mail system within the prescribed 60-day period and was untimely.  See FED. R. APP. P. 4(c)(1).  Because McNairy did not file a motion pursuant to FED. R. APP. P. 4(a)(5) within "30 days after expiration of the original 60 days specified in Rule 4(a)(1)(B)," FED. R. APP. P. 4(a)(5) provides no ground for

relief. <u>Wilkens v. Johnson</u>, 238 F.3d 328, 330-31 (5th Cir. 2001).

Rule 4(a)(6), FED. R. APP. P., allows the district court to re-open the time for appeal upon a motion filed within 180 days of the entry of judgment or within 7 days of the receipt of such notice, whichever is earlier, provided that the district court finds that a party was entitled to notice of the entry of judgment and did not receive such notice within 21 days of its entry. McNairy's notice of appeal was not filed within the 180-day period.

"Absent the timely filing of [a FED. R. APP. P. 4(a)(6)] motion, the court is powerless to reopen the time" for filing a notice of appeal. <u>Wilkens</u>, 238 F.3d at 331. A party has "a duty to inquire periodically into the status of [his] litigation," and must file a timely notice of appeal whether or not he receives notice of the entry of an order. <u>Latham v. Wells Fargo Bank, N.A.</u>, 987 F.2d 1199, 1201 (5th Cir. 1993) (interpreting FED. R. CIV. P. 77(d) and FED. R. APP. P. 4(a)).

Accordingly, the appeal is DISMISSED for lack of jurisdiction. The COA motion is DENIED as moot.