United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-30055
Summary Calendar

DON J. GALLATY,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE, INC.; ET AL.,

Defendants,

UNITED PARCEL SERVICE, INC.,

Defendant-

Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2493
-----------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Don J. Gallaty ("Gallaty") appeals the district court's denial of his motion to reopen the time

to file an appeal pursuant to FED. R. APP. P. 4(a)(6) and FED. R. CIV. P. 6(b)(2).   FED. R. APP. P.

4(a)(6) allows the district court to re-open the time to file a notice of appeal upon a motion filed

---

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

within 180 days of the entry of judgment or within seven days of the receipt of notice of the judgment, whichever is earlier, provided that the district court finds that a party was entitled to notice of the entry of judgment and did not receive such notice within 21 days of its entry. A FED. R. APP. P. 4(a)(6) motion is "the exclusive authority for the district court to order the reopening of an otherwise expired and no longer extendable time for filing [a notice of appeal]." Wilkens v. Johnson, 238 F.3d 328, 331 (5th Cir. 2001). Thus, Gallaty's reliance on FED. R. CIV. P. 6(b)(2) is misplaced. See id.

By failing to address the district court's application of FED. R. APP. P. 4(a)(6) in his brief, Gallaty has abandoned argument on the exclusive means to reopen the time for filing his notice of appeal. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999). Moreover, because neither of the rule's requirements are met, Gallaty's motion was a nullity. See Wilkens, 238 F.3d at 335-36.

AFFIRMED.