United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60511

TRINITY INDUSTRIES INC.,

                                Petitioner-Cross-Respondent,

                        versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION;

                                                Respondent

ELAINE CHAO, SECRETARY, DEPARTMENT OF LABOR,

                                Respondent-Cross-Petitioner.

Petition for Review from the
Occupational Safety and Health Review Commission
(95-1597)

**ON PETITION FOR REHEARING**

Before SMITH, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the petition for rehearing is DENIED.

Petitioner complains of the panel's failure to address the due process argument that petitioner raised in its initial brief, i.e., whether petitioner received fair notice of the conduct that 29 C.F.R. § 1915.14(a)(1)(i) required.

The panel did not address that argument because petitioner

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to preserve it for appeal. "As a general rule, in considering a petition for review from a final agency order, the courts will not consider questions of law which were neither presented to nor passed on by the agency."[1] As the agency itself could have vacated the citation,[2] we hold that petitioner failed to preserve this issue for appeal by not presenting it first to the agency.[3] We also hold that there are no exceptional circumstances present that would justify our waiving the administrative exhaustion rule.[4]

---

[1] Myron v. Martin, 670 F.2d 49, 51 (5th Cir. 1982); see also Nebraska v. EPA, 331 F.3d 995, 997-98 (D.C. Cir. 2003) (noting that petitioners had failed to preserve constitutional challenge to agency regulation for appeal when they failed to raise it before agency); Bass v. United States Dep't of Agric., 211 F.3d 959, 964 (5th Cir. 2000) (quoting Myron).

[2] See, e.g., Dole v. East Penn Mfg. Co., Inc., 894 F.2d 640, 644-45 (3d Cir. 1990) (noting that agency had vacated citation when respondent raised "fair notice" issue before it).

[3] See Bass, 211 F.3d at 964; see also United States v. Nyemaster, 116 F.3d 827, 830 (9th Cir. 1997) (refusing to address claim that federal regulation did not provide defendant with "fair notice" because defendant raised it for the first time on appeal); United States v. O'Hagan, 139 F.3d 641, 649-50 (8th Cir. 1998) (refusing to address "fair notice" claim because defendant failed to raise claim before district court or in initial brief to court of appeals).

[4] See Board of Pub. Instruction v. Finch, 414 F.2d 1068, 1072-73 (5th Cir. 1969) (listing exceptional circumstances).